Fidencio **CHAVEZ**, Plaintiff–Appellant,

v.

Otis R. **BOWEN**, Secretary of the Department of Health and Human Services, Defendant–Appellee.

No. 87–1829.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 15, 1988.

Decided April 19, 1988.

Nick Moceri, Prescott, Ariz., for plaintiff-appellant.

David R. Mazzi, Asst. Regional Counsel, Dept. of Health and Human Services, San Francisco, Cal., for defendant-appellee.

Before GOODWIN and NELSON, Circuit Judges, and GILLIAM,* District Judge.

* The Honorable Earl B. Gilliam, United States District Judge, Southern District of California, sitting by designation.

GOODWIN, Circuit Judge:

Fidencio Chavez appeals the grant of summary judgment upholding an administrative law judge's finding that he was not disabled.

Chavez was born on November 24, 1928, and completed four years of formal education in Mexico. He worked as an equipment operator for the Arizona Department of Highways from 1966 to 1981 and was most recently employed as a backhoe operator. He first injured his back in 1970 while attempting to lift a 20-pound rock which the backhoe could not extract. In 1981, he sustained a compression fracture of two vertebrae when his backhoe turned over on him.

On June 1, 1982, Chavez first filed for Social Security disability insurance benefits. On March 30, 1983, Administrative Law Judge Duty awarded Chavez a closed period of disability from March 3, 1981 through May 1982, based upon disability continuing through March 1982. Judge Duty found that Chavez then was unable to return to and perform his past work but that he was able to engage in a wide range of at least light substantial gainful employment. Because the claimant did not appeal this decision, it became final and binding. *See* 20 C.F.R. § 404.905 (1986); *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir.1985).

On July 18, 1983, Chavez filed another application for disability insurance benefits. On May 10, 1984, Administrative Law Judge Patterson found that Chavez was able to perform work-related activities except for work involving constant standing, walking and lifting, and carrying more than 20 pounds. Judge Patterson then found that the claimant's work as a backhoe operator did not require excessive standing and lifting and that his disabilities therefore did not prevent him from resuming his past work. The decision made no reference to the findings of the first administrative law judge and did not consider the issue whether res judicata might apply to the earlier finding that Chavez could not

return to his former work. Judge Patterson's decision was approved by the Appeals Council, thereby becoming the final decision of the Secretary of Health and Human Services.

When Chavez sought district court review of the Secretary's decision, the district court granted the Secretary's motion for summary judgment. The court found that substantial evidence supported the second judge's finding that the claimant was capable of light work but that no such evidence supported the finding that the occupation of backhoe operator is light duty.

On appeal, Chavez argues that the finding that he was not disabled was not supported by substantial evidence because the second judge failed to consider the first judge's findings concerning the nature of the claimant's work and his inability to return to his previous work.

The regulations define disability "as the inability to do any substantial gainful activity by reason of any medically determinable physical ... impairment ... which has lasted ... for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) (1986). Under this definition, an individual "must have a severe impairment, which makes [him or her] unable to do [his or her] previous work or any other substantial gainful activity which exists in the national economy." *Id.* Claimants suffering from certain severe impairments are automatically considered disabled. *See* 20 C.F.R. Pt. 404, Subpt. P., App. 1 (1986). The determination whether other impaired individuals—such as the claimant here—are able to do any other work is based upon the Medical–Vocational grids. These grids reduce four factors—residual functional capacity, age, education, and work experience—to binary, "yes/no" conclusions; the grids then mandate a bright-line finding of disability or nondisability based upon the combination of these four factors. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2 (1986).

The principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings. *See Lyle v. Secretary of Health and Human Servs.,* 700 F.2d 566, 568 n. 2 (9th Cir.1983). The claimant, in order to overcome the presumption of continuing nondisability arising from the first administrative law judge's findings of nondisability, must prove "changed circumstances" indicating a greater disability. *Taylor,* 765 F.2d at 875.

The claimant argues that his 55th birthday constituted a changed circumstance indicating a greater disability and that the first judge's ultimate finding that he was not disabled should not be considered res judicata. *Cf. Booz v. Secretary of Health and Human Servs.,* 734 F.2d 1378, 1379–80 (9th Cir.1984) (finding no changed circumstances). The district court rejected this argument but failed to consider the legal significance afforded to the 55th birthday.

Under the regulations, a person reaches "advanced age" when he or she turns 55 years old. 20 C.F.R. § 404.1563(d) (1986). The table applicable to individuals with a residual functional capacity of light work, 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table No. 2, finds individuals of "advanced age" to be disabled if they have limited education and are skilled or semiskilled with skills that are not transferable. *See* Rule 202.02. However, individuals who possess the same characteristics but are not of "advanced age" are not deemed to be disabled. *See* Rule 202.11.

Because a change in age status often will be outcome-determinative under the bright-line distinctions drawn by the Medical–Vocational grids, we find that the attainment of "advanced age" constitutes a changed circumstance precluding the application of res judicata to the first administrative law judge's ultimate finding against disability.[1] *See Kane v. Heckler,* 776 F.2d 1130, 1132 (3rd Cir.1985); *Cabral v. Heckler,* 604 F.Supp. 831, 833 (N.D.Cal.1984).

---

1. To decrease the need for additional proceedings in disability claims, factfinders should make their findings explicit as to whether individuals would have been found to be disabled but for their lack of advanced age status. When factfinders have found it unnecessary to make certain determinations—such as whether a claimant possesses transferable skills—the findings should explicitly state that these issues have not been resolved.

The first administrative law judge's findings concerning the claimant's residual functional capacity, education, and work experience are entitled to some res judicata consideration in subsequent proceedings. *See Lyle,* 700 F.2d at 568 n. 2.

The Secretary argues that res judicata should not apply to the first judge's finding that the claimant was unable to perform his past work because the claimant's testimony presented "new and material evidence" to the second judge that the claimant's prior job did not require him to lift heavy objects. *See* 20 C.F.R. §§ 404.-988(b), 404.989(a)(1) (1986) (allowing the Secretary to reopen a decision if there is "good cause" to do so, as where "[n]ew and material evidence is furnished").

However, the Secretary failed to point to a record demonstrating that this "new" information had not been presented to the first administrative law judge. In the absence of such a record, the second administrative law judge could not reopen the prior determinations concerning the claimant's ability to perform his past relevant work. We therefore need not determine whether the government's failure to present this easily obtainable evidence at the first hearing could constitute "good cause" for reopening the prior determination. *See* 20 C.F.R. § 404.988(b) (1986).

█ Principles of res judicata made binding the first judge's determinations that the claimant had a residual functional capacity of light work, was of limited education, and was skilled or semi-skilled. The claimant's attainment of "advanced age" status became legally relevant and should have been considered. Because the second judge failed to afford preclusive effect to the first judge's determinations or to apply the legal standards applicable to individuals possessing the claimant's characteristics, his decision was not supported by substantial evidence.

Rule 202.02 of the Vocational–Medical grids sets forth the standards for determining whether this claimant is disabled for the purposes of the regulations. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table No. 2 (1986). Given the first judge's findings and the undisputed fact that the claimant has attained advanced age status, the claimant will be entitled to disability under the regulations unless he possesses transferable work skills. *See* Rule 202.00(e) (observing that "[t]he presence of acquired skills that are readily transferable to a significant range of semi-skilled or skilled work within an individual's residual functional capacity would ordinarily warrant a finding of not disabled regardless of the adversity of age ...").

Because the first administrative law judge did not clearly resolve this issue, we remand this case for a determination whether the claimant possesses transferable work skills. *See Paulson v. Bowen,* 836 F.2d 1249, 1251–52 (9th Cir.1988); *Hall v. Secretary of Health, Education and Welfare,* 602 F.2d 1372, 1377 (9th Cir.1979) (remanding to obtain testimony from a vocational expert). The case is remanded to the district court, with instructions to remand to the Secretary for further fact finding in light of the claimant's age, the prior finding that he could not return to his prior work, and the *Paulson* inquiry on transferable skills.

VACATED and REMANDED.