David R. WILKES, Plaintiff—
Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant—Appellee.

No. 03–17257.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 15, 2005.

Decided July 12, 2005.

John Vincent Johnson, Chico, CA, for Plaintiff–Appellant.

Bobbie J. Montoya, Esq., United States Attorney's Office, Sacramento, CA, for Defendant–Appellee.

* The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

Before: SCHROEDER, Chief Judge, CANBY, Circuit Judge, and DUFFY,* District Judge.

## MEMORANDUM **

David Wilkes ("Appellant") applied to the Social Security Administration ("SSA") for Supplemental Security Income benefits pursuant to Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–83f. Appellant's application was denied in 2001 because the Commissioner of the SSA (the "Commissioner") determined that Appellant had the residual functioning capacity to perform sedentary work. Appellant then sought judicial review in the United States District Court for the Eastern District of California (the "District Court"). Both parties consented to appear before a Magistrate, who granted summary judgment to the Commissioner. Appellant appealed and we review the District Court's grant of summary judgment *de novo*.

In reviewing a disability determination, our review is limited to: (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner; and (2) whether the correct legal standards were applied. *See Magallanes v. Brown*, 881 F.2d 747, 750 (9th Cir.1989). There is certainly substantial evidence in the record to support the determination that Appellant had the residual functioning capacity to perform sedentary work. Importantly, the Commissioner initially found that Appellant was

not disabled in *1998*. Appellant failed to show a change in circumstances that justify a departure from this earlier finding. *See Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir.1988) ("[I]n order to overcome the presumption of continuing nondisability arising from the first administrative law judge's findings of nondisability, [the claimant] must prove 'changed circumstances' indicating a greater disability."). While Appellant points to a variety of data concerning his Hepatitis C affliction (such as high viral loads), the ALJ was well aware of this affliction and Appellant failed to show how it prevented him from performing sedentary work.

■ Similarly, the ALJ set forth clear and convincing reasons for discounting Appellant's subjective symptom testimony concerning his fatigue and for giving little weight to Dr. Milosevic's handwritten letter-conclusions that we will not disturb. *See Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir.1989) ("Where ... the ALJ has made specific findings justifying a decision to disbelieve [specific allegations], and those findings are supported by substantial evidence in the record, our role is not to second-guess that decision."). Nor has Appellant shown that incorrect legal standards were applied below.

Lastly, the Appeals Council did not err in refusing to grant Appellant's petition for review based on supposed new evidence. Accordingly, the District Court's opinion is affirmed.

AFFIRMED.

\* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.