Leonor **CABE**, Plaintiff—Appellant,

v.

**Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant—Appellee.**

No. 04–16113.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2006.*

Filed Feb. 17, 2006.

Rohlfing Law Firm, Santa Fe Springs, CA, for Plaintiff–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Elizabeth Firer, Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Leonor Cabe appeals the district court's affirmance of an administrative law judge's ("ALJ") denial of her application for Supplemental Security Income ("SSI"). We affirm. Because the parties are familiar with the factual and procedural history of the case, we will not recount it here.

I

When a claimant's application for SSI benefits is denied and the claimant does not appeal, the decision denying benefits becomes binding on all parties and creates a presumption of continuing nondisability. *Taylor v. Heckler,* 765 F.2d 872, 875 (9th Cir.1985). In a subsequent application for SSI based on the same disability, the claimant "must prove 'changed circumstances' indicating a greater disability." *Chavez v. Bowen,* 844 F.2d 691, 693 (9th Cir.1988).

■ In this case, the ALJ's conclusion that Cabe did not rebut the presumption of continuing nondisability was supported by substantial evidence. The evidence did not suggest that Cabe's left arm or back had deteriorated since her first application for SSI benefits. On the contrary, the evidence showed that Cabe's ability to sit, stand, and walk had improved and that her pain was under control with only ibuprofen.

Cabe's argument that the ALJ's findings were more restrictive than that of the prior ALJ decision is unconvincing. Cabe's argument takes a single sentence in the ALJ's decision out of context. Reading his opinion as a whole, we conclude that the ALJ did not impose limitations on Cabe based on pain or mental disability. On the contrary, the ALJ found that Cabe's pain was under control, and his opinion does not mention any alleged mental disability.

II

■ Assuming, without deciding, that the ALJ erred when he did not require the vocational expert to name *specific* jobs that Cabe could have performed despite her disability, any resulting error was harmless. The ALJ denied Cabe's application based on her failure to rebut the presumption of continuing nondisability. Because Cabe did not rebut the presumption, the ALJ did not need to consider new evidence of her residual functional capacity. Any statements in the ALJ's opinion regarding the vocational expert's testimony were unnecessary to his decision to deny benefits, and any resulting error was therefore harmless. *See Booz v. Sec'y of Health & Human Servs.,* 734 F.2d 1378, 1380 (9th Cir.1984).

Given our resolution of this appeal, we need not reach any other issue urged by the parties.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.