**Brenda J. MAUPIN, Plaintiff—Appellant,**

v.

**Michael J. ASTRUE, Defendant—Appellee.**

No. 07–36060.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

March 2, 2009.

Brenda J. Maupin, Aberdeen, WA, pro se.

Leisa A. Wolf, Esq., SSA–Social Security Administration Office of the General Counsel, Seattle, WA, Brian C. Kipnis, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Defendant–Appellee.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

MEMORANDUM ***

Brenda J. Maupin appeals pro se from the district court's judgment affirming the Commissioner's final decision denying her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–34. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's order upholding the Commissioner's denial of benefits. *Gillett–Netting v. Barnhart,* 371 F.3d 593, 595 (9th Cir.2004). The Commissioner's decision must be affirmed if it is based on the correct legal standards and is supported by substantial evidence. *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir.2004). We affirm.

Contrary to Maupin's contention, the Administrative Law Judge ("ALJ") properly considered the report of Dr. Flaxel. Although Dr. Flaxel did not sign one of his reports, he expressly authenticated his medical records during his testimony. *See* 20 C.F.R. § 404.1519n(e); *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir.2005) ("A decision of the ALJ will not be reversed for errors that are harmless.").

Contrary to Maupin's contentions, the ALJ's recent adverse credibility determination is supported by the same substantial evidence that supported the 2001 decision. *See Maupin v. Barnhart,* 55 Fed. Appx. 860 (9th Cir.2003) ("To the extent that the ALJ found Maupin's testimony as to the severity of her pain and impairments unreliable, the ALJ gave specific, clear, and convincing reasons supported by substantial evidence.") (citing *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)).

The ALJ properly submitted written interrogatories to the vocational expert following the expert's testimony. The ALJ has a "duty to fully and fairly develop the record," *Smolen v. Chater,* 80 F.3d 1273, 1288 (9th Cir.1996), and may "reopen the hearing at any time before he or she mails

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

a notice of the decision in order to receive new and material evidence," 20 C.F.R. § 404.944.

The ALJ acted within his discretion in deciding whether to grant Maupin's subpoena requests. *See* 20 C.F.R. § 404.950(d)(1) (ALJ may subpoena witness at request of party where "reasonably necessary for the full presentation of a case").

Substantial evidence supports the ALJ's conclusion that Maupin failed to establish changed circumstances sufficient to overcome the presumption of continuing non-disability. *See Chavez v. Bowen,* 844 F.2d 691, 693 (9th Cir.1988).

Maupin's remaining contentions are unpersuasive.

**AFFIRMED.**