RAWLINSON, Circuit Judge,
concurring in part and dissenting in part:
I concur in the holdings that a subsequent decision does not constitute new evidence requiring a remand for reconsideration and that Matt Ferrando did not waive his arguments regarding the merits of Administrative Law Judge (ALJ) Ramsey’s decision. However, I dissent from the balance of the disposition.
I specifically dissent from the majority’s holding giving controlling weight to the evaluation of the “treating psychiatrist.” The reason for affording more weight to a treating medical source is because of the longitudinal history that a treating physician brings to the evaluation of a patient. In this case, the psychiatrist had only seen Ferrando once. Our precedent permits the ALJ to give the opinion less weight in that circumstance. See Holohan v. Massanari, 246 F.3d 1195, 1203 n. 2 (9th Cir.2001) (“This is not to say that a treating physician’s every medical opinion is necessarily entitled to weight.... Under certain circumstances, a treating physician’s opinion on some matter may be entitled to little if any weight. This might be the case, for instance, if the treating physician has not seen the patient long enough to have obtained a longitudinal picture ... ”) (citations and internal quotation marks omitted).
The majority also rejects the ALJ’s reliance on Ferrando’s failure to seek treatment prior to December, 2006, on the basis that the failure to seek treatment “is explained, at least in part, by his degenerating condition.” Majority Disposition, p. 3. Indeed, no such explanation appears in the record. Indeed, according to the majority, he sought treatment precisely when his condition worsened, ie., when he saw the “treating psychiatrist.” Indeed, the record reflects that he sought treatment to obtain disability benefits rather than because of his condition. Because the majority rationale is flawed on this point, the psychiatrist’s reliance on Ferrando’s sub *613 jective complaints cannot be salvaged. See Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir.2008) (noting that an ALJ may reject a medical opinion based on discredited self-reporting). Finally, the majority’s conclusion completely ignores “the presumption of continuing non-disability arising from the finding of non-disability” in Ferrando’s earlier claim. See Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir.1988).
Because the ALJ’s decision denying benefits is supported by substantial evidence and because the majority’s analysis conflicts with our governing precedent, I respectfully dissent from the reversal and remand.