FILED

MAY 02 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

IVAN L. ALEKSEYEVETS,

          Plaintiff - Appellant,

  v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

          Defendant - Appellee.

No. 12-35079

D.C. No. 2:10-cv-02058-JCC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted April 12, 2013
Seattle, Washington

Before: TASHIMA and CALLAHAN, Circuit Judges, and SEABRIGHT, District
Judge.[**]

      Appellant Ivan Alekseyevets ("Appellant") appeals an adverse decision on

his claim for Supplemental Social Security Income disability benefits ("SSI"),

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The Honorable J. Michael Seabright, District Judge for the U.S.
District Court for the District of Hawaii, sitting by designation.

based on the administrative law judge's ("ALJ") finding that he was not disabled.

The district court affirmed the ALJ's decision. Appellant contends that the ALJ

erred by failing to: (1) find that Appellant had established a colorable mental

impairment claim and utilize the psychiatric review technique ("PRT");

(2) consider Appellant's mental limitations in applying the Medical-Vocational

Guidelines ("the Grids"); (3) adopt a previous ALJ's Residual Functional Capacity

("RFC") determination after finding that Appellant had not shown changed

circumstances; and (4) credit a physician assistant's medical reports and

Appellant's testimony in formulating the RFC.

We have jurisdiction under 28 U.S.C. § 1291 and review the district court's

decision to uphold an ALJ's benefits decision de novo. *See Hiler v. Astrue*, 687

F.3d 1208, 1211 (9th Cir. 2012). We will "reverse [a nondisability finding] only if

the ALJ's decision was not supported by substantial evidence in the record as a

whole or if the ALJ applied the wrong legal standard." *Molina v. Astrue*, 674 F.3d

1104, 1110 (9th Cir. 2012). We conclude that the ALJ's decision is supported by

substantial evidence in the record and thus affirm the district court.[1]

---

[1] Because the parties are familiar with the facts and procedural history, we restate them here only as necessary to explain our decision.

**1.**     Appellant contends that we should remand this case because the ALJ failed to apply the PRT in assessing Appellant's mental impairment claim. We disagree. The ALJ's determination that Appellant failed to present a colorable claim of mental impairment was supported by substantial evidence in the record, and thus utilization of the PRT was not required. *See Keyser v. Comm'r of Soc. Sec. Admin.*, 648 F.3d 721, 726 (9th Cir. 2011). The ALJ reasonably rejected reports from Dr. Cavenee and Dr. Spence because the reports were brief, and seemed to be limited by the language barrier. The ALJ noted that these reports were contradicted by both the neurological exam performed by Dr. Tran and the testimony of Dr. Spence, the Medical Examiner, who indicated that Appellant's descriptions of his symptoms were inconsistent with the medical testing.[2] *See Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (determining that an ALJ need not accept a medical opinion which is "brief and conclusionary in form with little in the way of clinical findings to support [its] conclusion") (internal

---

[2]     During Dr. Spence's testimony, he opined that the inconsistencies could be explained by somatization. Appellant contends that this statement serves as a diagnosis of somatization and strengthens Appellant's mental impairment claim. This argument is without merit. It is clear from the record that Dr. Spence's discussion of somatization was used to illustrate deficiencies in the medical reports and was not an actual diagnosis.

3

quotations omitted)). Thus, the ALJ's findings are supported by substantial evidence in the record.

2.      Appellant contends that the ALJ improperly applied the Grids because he did not take Appellant's mental claims into consideration. A claimant fails to show error in the Grid analysis by merely reiterating his dispute with the RFC finding. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008). Because we find Appellant's prior argument as to whether he had a colorable mental impairment claim unpersuasive, this argument also fails.

3.      Appellant also argues that the because the ALJ found no changed circumstances, he erred by failing to adopt a previous ALJ's RFC determination from a prior proceeding. Under *Chavez v. Bowen*, 844 F.2d 691, 694 (9th Cir. 1998), an applicant previously found not disabled is presumably not disabled unless he can show changed circumstances indicating a greater level of disability since the date of the prior decision. Although the first ALJ's RFC findings are entitled to "some res judicata consideration," *id.*, the *Chavez* presumption does not prohibit a subsequent ALJ from considering new medical information and making an updated RFC determination. *See Stubbs-Danielson*, 539 F.3d at 1173. Here, the ALJ did not err by considering new medical information and revising Appellant's RFC based on recent medical evaluations and results. Moreover, the

prior ALJ found that Appellant was not disabled and was generously assuming the lowest functional capacity possible, which was still insufficient to support a disability finding.

4. In determining Appellant's RFC, the ALJ was justified in assigning less weight to the opinion of Ms. Bella Arshinova, a physician assistant, because she was not a medical doctor and was thus considered an "other source" as opposed to an "acceptable medical source." *See Molina*, 674 F.3d at 1111. Moreover, the ALJ was justified in disregarding Appellant's subjective claims regarding the severity of his symptoms because he provided "specific, cogent reasons" based upon the record for doing so. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). For the foregoing reasons, the district court's judgment is **AFFIRMED**.