**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 15 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JILL THORNSBERRY, | No. 12-55655 |
| Plaintiff - Appellant, | D.C. No. 3:10-CV-02459-MDD |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted December 5, 2013
Pasadena, California

Before: D.W. NELSON, WARDLAW, and RAWLINSON, Circuit Judges.

Jill Thornsberry (Thornsberry) appeals the district court's order entering

summary judgment in favor of the Commissioner of Social Security

(Commissioner). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we

affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The district court did not err in concluding that substantial evidence supported the decision of the administrative law judge (ALJ) to accord the treating physicians' opinions little weight. The treating physicians' opinions were conclusory, brief and inconsistent with the record. *See Batson v. Comm'r of Soc. Sec. Admin*, 359 F.3d 1190, 1195 (9th Cir. 2004). Moreover, a doctor's opinion that a claimant is disabled is not itself a medical opinion but an issue reserved exclusively for the Commissioner. *See* 20 C.F.R. § 416.927(d)(1). The ALJ had no duty to recontact the treating physicians before finding Thornsberry not disabled because the doctors' reports were neither ambiguous nor insufficient to make a disability determination. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

Nor did the district court err in finding that the ALJ properly applied *res judicata* to Thornsberry's application. *See Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988). Thornsberry did not present any evidence to suggest that her condition deteriorated, or that circumstances changed since the denial of benefits in 2004. Our opinion in *Garfias-Rodriguez v. Holder*, 702 F.3d 504, 512 (9th Cir. 2012) (en banc), does not apply, as the matter before us does not involve *Chevron* deference.

Finally, the district court did not err in concluding that substantial evidence supported the ALJ's adverse credibility determination. The ALJ provided "specific, clear and convincing reasons" for rejecting Thornsberry's statements about the intensity, persistence and limiting effect of her symptoms to the extent they were inconsistent with the residual functional capacity assessment. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (citation omitted). The ALJ correctly considered Thornsberry's daily activities, her unexplained failure to seek consistent treatment and the state medical expert's opinion that Thornsberry's subjective complaints of pain and limitations appeared disproportionate to her diagnoses. *See id*.

**AFFIRMED.**