**NOT FOR PUBLICATION**

OCT 28 2015

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ENEIDA PEREZ ARGUETA, | No. 13–56355 |
| Plaintiff - Appellant, | D.C. No. 8:11–cv–01498–MAN |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Margaret A. Nagle, Magistrate Judge, Presiding

Submitted October 22, 2015[**]
Pasadena, California

Before: PREGERSON and TROTT, Circuit Judges, and STAFFORD, Senior District Judge.[***]

In 2005, Eneida Perez Argueta filed for disability insurance benefits based on

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable William H. Stafford, Jr., Senior District Judge for the U.S. District Court for Northern Florida, sitting by designation.

problems with her neck, back, arms, shoulders, hands, knees, waist, legs, and feet. On June 26, 2007, she received a partially favorable decision—an administrative law judge found that she was disabled from April 26, 2004, to February 23, 2006, but *not* disabled from February 24, 2006, to June 26, 2007. Argueta did not appeal the June 26, 2007, decision. Instead, she filed a new application for benefits on May 7, 2008, alleging that she became disabled on July 1, 2007, a mere four days after the adverse decision in her original application. In her new application, she alleged the same problems with her neck, shoulders, hands, knees, waist, and feet. When this 2008 application for benefits was denied, Argueta filed a civil action in federal district court. The district court affirmed the Commissioner's denial of benefits, and Argueta's appeal of the district court's decision is now before us.

Where, as here, a social security claimant has been denied disability benefits in the past, a presumption of continuing non-disability applies to the claimant's subsequent application for benefits. *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988); *see also* Acquiescence Ruling 97–4(9), 1997 WL 742758 (explaining how *Chavez* is to be applied by the Social Security Administration in the Ninth Circuit). To overcome the presumption of continuing non-disability, a claimant must show "changed circumstances" indicating a greater, new, or changed disability. *Chavez*, 844 F.2d at 693.

In considering Argueta's second application for benefits, the administrative law judge ("ALJ") found that Argueta failed to rebut the presumption of continuing non-disability because she failed to "present[] any new or material evidence warranting a change in her residual functional capacity." The ALJ accordingly found that Argueta continued to be "not disabled" during the period relevant to Argueta's second application for benefits.

Argueta unsuccessfully challenged the ALJ's presumptive finding of continuing non-disability before the district court. The district court concluded that "the ALJ's application of res judicata was supported by substantial evidence and free of legal error as [Argueta] failed to establish changed circumstances sufficient to overcome the presumption of continuing nondisability." We agree.

Because we find that the record amply supports application of the presumption of continuing non-disability in this case, we **AFFIRM.**