**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT A. JAMTAAS, Jr., | No. 15-35939 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-05003-MAT |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted December 11, 2017[**]

Before:     THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges

Robert Jamtaas appeals the district court's decision affirming the

Commissioner of Social Security's denial of Jamtaas's application for

supplemental security income under Title XVI of the Social Security Act. We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

The ALJ did not err by failing to discuss medical evidence that a previous ALJ reviewed in denying Jamtaas's previous claim for disability benefits. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) ("[T]he ALJ is not required to discuss evidence that is neither significant nor probative."); *Chavez v. Bowen*, 844 F.2d 691, 693–94 (9th Cir. 1988) (concluding that the prior ALJ's findings are entitled to preclusive effect with respect to the claimant's condition at the time of the prior decision).

The ALJ properly rejected Dr. Wingate's opinion based on specific and legitimate reasons, including inadequate clinical findings to support the opinion and dependence on Jamtaas's unreliable self-reports. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (including inadequate clinical findings in reasons that the ALJ may rely upon to reject an examining physician's opinion); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (explaining that the ALJ properly rejected an examining physician's opinion that relied to a large extent on the claimant's self-reports with little independent diagnosis).

Substantial evidence does not support the ALJ's conclusion that Dr. Wheeler's clinical findings of goal-directed thoughts, normal perception, fair insight, and adequate judgment were inconsistent with a marked limitation in the

ability to communicate and perform effectively in a work setting. *See Orn v. Astrue*, 495 F.3d 625, 634 (9th Cir. 2007) (concluding that the ALJ's reasons for rejecting a physician's opinions were not supported by substantial evidence). This Court cannot affirm the ALJ on any reasons not offered by the ALJ. *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). Any error in failing to provide specific and legitimate reasons to give less than full weight to Dr. Wheeler's opinion is harmless because Dr. Wheeler's conclusion that Jamtaas was markedly limited in the ability to communicate and perform effectively in a work setting was reasonably incorporated into the RFC, including limitations in interactions with coworkers, supervisors, and the public, and limitations to simple routine tasks with only occasional changes in work setting. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (concluding that the ALJ does not need to provide reasons for rejecting a physician's opinion that is reasonably incorporated into the RFC).

The ALJ provided several clear and convincing reasons to find Jamtaas's testimony not fully credible. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, objective medical evidence showing generally unremarkable or mild results on lung examinations and normal range of motion in the back and legs was inconsistent with Jamtaas's testimony regarding his degree of physical impairments. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012)

(concluding that the ALJ properly discredited claimant testimony based on inconsistencies with objective medical evidence). Second, medical records showing that Jamtaas was cooperative and oriented, had normal mood and affect, and had adequate performance on cognitive tests were inconsistent with the degree of mental health limitations alleged by Jamtaas. *Molina*, 674 F.3d at 1113. Third, Jamtaas's activities, including walking, traveling by bus, and going out "scrapping" with friends, were inconsistent with the degree of limitations he alleged. *See Orn*, 495 F.3d at 639 (including inconsistencies between a claimant's activities and testimony in the reasons that an ALJ can properly rely on to discredit claimant testimony). Any error in relying on additional reasons is harmless. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008).

Any error in failing to discuss the lay testimony of a Social Security Administration employee was harmless because the ALJ's reasoning for discrediting Jamtaas's testimony also discredits the lay testimony. *See Molina*, 674 F.3d at 1117.

Substantial evidence supports the ALJ's evaluation of the remaining medical evidence. *See Tommasetti*, 533 F.3d at 1041 (explaining that this Court must defer to the ALJ's reasonable interpretation of the medical evidence). The ALJ was not required to discuss additional records that were not probative. *Hiler v.Astrue*, 687 F.3d at 1208, 1212 (9th Cir. 2012).

Substantial evidence supports the ALJ's assessment of Jamtaas's residual functional capacity and the hypothetical posed to the vocational expert. *See Stubbs-Danielson v. Astrue*, 539 F.3d at 1169, 1174 (9th Cir. 2008) (explaining that this Court must defer to the ALJ when substantial evidence supports the ALJ's determination of specific functional limitations based on the medical evidence).

**AFFIRMED.**