

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES EVAN REED, Jr., | No.    19-17179 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-04752-SMB |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Submitted November 17, 2020**
Phoenix, Arizona

Before:  TALLMAN, BYBEE, and BADE, Circuit Judges.

Petitioner Charles Evan Reed, Jr. (Reed) appeals the denial of his application

for Supplemental Security Income.  We have jurisdiction under 42 U.S.C.

§§ 405(g), 1383(c)(3), and 28 U.S.C. § 1291.  We review de novo the district

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's decision affirming the agency's denial of benefits. *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014). We will affirm the agency decision only if it is both free from legal error and supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). We reverse and remand for further factfinding.

1. The ALJ did not err by not citing to evidence underlying the prior ALJ decision. The previous determination that Reed was not disabled "create[s] a presumption that [Reed] continue[s] to be able to work," but that "presumption does not apply . . . if there are changed circumstances." *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995) (first alteration in original) (internal quotation marks and citations omitted). "Changed circumstances" include, *inter alia*, an increase in the severity of the claimant's impairments. *See id.* at 827–28; *see also* SSAR 97-4(9), 1997 WL 742758, at *3 (Dec. 3, 1997). Even where the presumption is rebutted because of changed circumstances, the previous RFC finding must be adopted "unless there is new and material evidence." *See* SSAR 97-4(9), 1997 WL 742758, at *3; *see also Chavez v. Bowen*, 844 F.2d 691, 694 (9th Cir. 1988). Evidence is material if "the evidence warrants a [RFC finding] . . . different than that made in the decision on the prior claim." HALLEX 1-5-4-60, 1998 WL 34083439, at *4 (Dec. 28, 1998).

2

The ALJ erred in the application of this standard by determining that the "presumption of non-disability continues as it relates to [Reed's] mental impairments" because the ALJ also found "there ha[d] been a showing of a changed circumstance." *See Lester*, 81 F.3d at 827–28. However, the error was harmless because the ALJ properly found that the new evidence of Reed's mental limitations was not material. *See* HALLEX 1-5-4-60, 1998 WL 34083439, at \*4 (materiality is determined by whether new evidence warrants a different RFC finding). There is no requirement that the ALJ directly compare the new evidence to the medical evidence underlying the previous determination.

     2.    The ALJ provided specific and legitimate reasons for discounting the opinions of Reed's treating physicians and those reasons were supported by substantial evidence in the record. *See Garrison*, 759 F.3d at 1012 (noting that ALJ must "set forth specific, legitimate reasons for crediting one medical opinion over another."); *Lester*, 81 F.3d at 830–31 (holding that when opinion of treating or examining doctor "is contradicted by another doctor, the Commissioner may not reject [the] opinion without providing specific and legitimate reasons supported by substantial evidence in the record" (internal quotation marks and citations omitted)).

The ALJ discounted the opinion of Dr. Cochran because the opinion was (1) excessive and inconsistent with the clinical findings in the record; (2) based largely on Reed's self-reports, rather than objective clinical findings; and (3) not supported by the prescribed treatment. To the extent the ALJ erred in discounting the opinions of Dr. Cochran because her opinions were based in part on Reed's self-reports of his symptoms, *see Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017), that error is harmless because the ALJ offered multiple other specific and legitimate reasons for discounting Dr. Cochran's opinions.

Neither did the ALJ err in discounting Dr. Faria's opinion. The ALJ permissibly discounted the opinion because it was unsupported, conclusory, and an administrative finding reserved to the Commissioner. *See Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) ("The ALJ need not accept the opinion of any physician . . . if that opinion is brief, conclusory, and inadequately supported by clinical findings." (internal quotation marks and citation omitted)).

3.     The ALJ erred in rejecting Reed's testimony regarding the severity of his symptoms. The ALJ found that Reed's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) ("[T]he ALJ must determine whether the claimant has presented objective medical evidence of an underlying

4

impairment which could reasonably be expected to produce the pain or other symptoms alleged." (internal quotations and citation omitted)). The ALJ therefore could only reject Reed's testimony "about the severity of [his] symptoms . . . by offering specific, clear and convincing reasons for doing so." *Id.* at 1036 (internal quotation marks and citation omitted). The ALJ did not do so. Like in *Burrell v. Colvin*, 775 F.3d 1133 (9th Cir. 2014), the ALJ's decision "provides no *reasons* for the credibility determination," *id.* at 1137 (emphasis in original), nor does it identify "what testimony is not credible and what evidence undermines the claimant's complaints," *Lester*, 81 F.3d at 834. The ALJ merely stated that Reed's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not supported by the evidence to the extent they are inconsistent with the above residual functional capacity assessment," and then turned to a discussion of the medical evidence. The ALJ's findings are therefore "insufficient to meet our requirements of specificity." *Burrell*, 775 F.3d at 1138–39 (internal quotation marks and citation omitted).

4. The appropriate remedy is the ordinary remand rule. As in *Burrell*, there is "serious doubt" about whether Reed is disabled. *Id.* at 1141. There is a previous finding of non-disability and evidence that Reed's psychiatric symptoms

5

are improving. The appropriate remedy is therefore to remand for further proceedings.

**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**