NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 21 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES CARTER, Jr., | No. 21-55043 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-09230-GW-ADS |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted January 14, 2022**
Pasadena, California

Before: M. SMITH and OWENS, Circuit Judges, and S. MURPHY, III,*** District Judge.

Appellant James Carter, Jr. appeals the district court's affirmance of the

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Stephen Joseph Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

Commissioner of Social Security's denial of his application for disability insurance benefits. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's judgment and uphold the administrative law judge's ("ALJ") denial of disability benefits "unless it contains legal error or is not supported by substantial evidence." *Garrison v. Colvin*, 759 F.3d 995, 1009–10 (9th Cir. 2014). We conclude that the ALJ's decision is supported by substantial evidence and thus affirm the district court.

The ALJ properly declined to reconsider evidence already weighed by another ALJ in an earlier disability benefits denial. A presumption of continuing non-disability arises from a prior ALJ's denial of disability benefits. *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988).[1] The claimant bears the burden to rebut the presumption by proving "changed circumstances indicating a greater disability." *Id.* (internal quotation marks omitted). Because Appellant did not produce any new evidence from the previously adjudicated period, the ALJ did not err in reviewing only evidence from after the first disability benefits denial. *See id.* at 693–94; *cf. Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995), *as amended* (9th Cir. 1996).

Next, substantial evidence supported the ALJ's finding that Appellant was

---

[1] *See also* Acquiescence Ruling 97-4(9), 1997 WL 742758 (Dec. 3, 1997) (explaining how *Chavez* is to be applied by the Social Security Administration in the Ninth Circuit).

not disabled for three reasons. First, the ALJ did not err in finding that the Veterans Affairs ("VA") rating of one-hundred percent disability was unpersuasive. The disability rating conflicted with newer, specific evidence from the period after an ALJ denied his first disability application, including Appellant's role as primary caretaker of his two children. Beyond that, the disability rating was produced during the already-adjudicated period, and Appellant did not offer an updated rating. Substantial evidence therefore supported the ALJ's finding that the VA rating was unpersuasive.

The ALJ properly discounted the treating and examining physicians' testimonies. An ALJ must consider several "factors in deciding the weight [to] give to any medical opinion[s]" that are not controlling. 20 C.F.R. § 404.1527(c); *see also Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). But an ALJ need not expressly address all the § 404.1527(c) factors in its written decision. Here, the ALJ first "considered [the] opinion evidence in accordance with the requirements of 20 C.F.R. 404.1527." The ALJ then set out a detailed summary of all the evidence he weighed when deciding Appellant's residual functional capacity, including conflicting clinical evidence. *See Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (An ALJ makes findings supported by "specific, legitimate reasons" by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making

findings.") (citations omitted). The ALJ also found the doctors' opinions "brief and conclusory," and in one case, "inconsistent with . . . [the doctor's] own grossly [normal] mental status examination of the claimant." The ALJ therefore did not err because his reasons for discounting the treating and examining physicians' opinions were "specific and legitimate." *Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014) (citation omitted).

Finally, the ALJ did not err when it found that Appellant's subjective symptom testimony conflicted with medical and other evidence in the record. The ALJ articulated "specific, clear, and convincing reasons" for rejecting Appellant's credibility. *Trevizo*, 871 F.3d at 679. Objective medical evidence and Appellant's VA records showed that Appellant had generally improved with treatment, and his proscribed treatment included a mild medication regimen and conservative care. What is more, Appellant's self-reported daily activities undercut his claim that he could not work. In all, the ALJ articulated specific, clear, and convincing reasons for rejecting the credibility of Appellant's testimony and thus the finding was not in error.

The district court's order on appeal is **AFFIRMED**.