NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SYLVIA CURTISS,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

Defendant-Appellee.

No.    22-35371

D.C. No. 9:21-cv-00008-KLD

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Kathleen L. De-Soto, Magistrate Judge, Presiding

Submitted June 7, 2023[**]
Seattle, Washington

Before:  HAWKINS, CALLAHAN, and BRESS, Circuit Judges.

Appellant Sylvia Curtiss ("Curtiss") appeals the district court's order

affirming the Commissioner of Social Security's denial of her application for social

security disability benefits.  We "reverse [a finding of no disability] only if the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[Administrative Law Judge's ("ALJ")] decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021). We conclude that the ALJ's decision is supported by substantial evidence, and thus affirm.

## 1. Effect of Prior Adjudication.

Curtiss has applied twice for disability due to fibromyalgia, cervical degenerative disc disease, sciatica, anxiety, and a personality disorder. She was initially denied disability benefits in 2012. At that time, the ALJ found she had the residual functional capacity ("RFC") to perform light work ("2012 RFC"). She filed a successive application for disability benefits, submitting new medical evidence as support. In 2020, a new ALJ denied disability benefits and assessed an RFC of medium work ("2020 RFC").

Curtiss contends that the ALJ erred by failing to adopt the prior 2012 physical RFC assessment. We disagree. An ALJ's prior findings about a social security applicant's RFC, education, and work experience are entitled to some preclusive effect as long as the adjudicator is not presented with new and material evidence on the issue. *Chavez v. Bowen*, 844 F.2d 691, 693–94 (9th Cir. 1988) ("The principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings."). An ALJ must adopt prior findings unless there is (1) new and material evidence, or (2) a

change in the law, regulations or rulings affecting the finding. *See* Acquiescence Ruling 97-4(9), 1997 WL 742758, *3.

Here, the ALJ properly declined to give the 2012 RFC preclusive effect. First, nearly all the medical evidence proffered by Curtiss post-dates the 2012 RFC finding. The ALJ relied entirely on the new medical evidence to determine the 2020 RFC, and such medical evaluations conducted after a prior adjudication necessarily constitute new and material evidence. *See Stubbs–Danielson v. Astrue*, 539 F.3d 1169, 1172–73 (9th Cir. 2008). Curtiss's contention that the ALJ could not change the RFC finding without evidence of medical improvement is unavailing. Evidence of medical "improvement" is not required in order to reconsider prior findings after a previous determination of non-disability. *See id.* at 1173 (requiring only "new information not presented to the first judge" to reconsider findings). Second, the ALJ reasonably found that the issuance of Social Security Ruling 16-3p regarding the evaluation of subjective symptom testimony was a change in the law and regulations impacting the RFC determination. *See* Social Security Ruling 16-3p, 2017 WL 5180304. On this record, the ALJ properly declined to give preclusive effect to the prior adjudication.

## 2. Frequency of Medical Appointments.

The ALJ did not commit prejudicial error by failing to evaluate the frequency of Curtiss's medical appointments under Social Security Ruling 96-8p in evaluating

her RFC.[1]  The ALJ must assess all relevant evidence, such as the "effects of treatment, including limitations or restrictions imposed by the mechanics of treatment (e.g., frequency of treatment, duration, disruption to routine, side effects of medication)" in reaching an RFC determination.  Social Security Ruling 96-8p, 1996 WL 374184, at *5.  Curtiss calculated her number of medical appointments after the alleged onset disability date as 2.6 doctor visits a month.  Based on that calculation, she argues the ALJ erred by not taking into consideration how often she would need to miss work to attend appointments.  Even assuming the ALJ erred by failing to address the frequency of treatment, any such error was harmless.  *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

Fatal to her challenge here, Curtiss did not present evidence that her monthly appointments would preclude her from working on a regular and continuing basis. She neither testified that her appointments would result in work-related absences, nor did medical providers opine on the issue.  On the contrary, the record establishes that Curtiss worked for approximately three months as a cashier, and there is no evidence that the frequency of her medical appointments precluded her from regular

---

[1] Curtiss further contends that the ALJ's questioning of the Vocational Expert was deficient because it failed to include the functional limitations of her frequent medical appointments.  Because we find no error in the RFC determination, her challenge here likewise fails.

4

and continuous work.  Instead, she terminated her employment by "walk[ing] off the job" in embarrassment after accidentally running into a fixed beam.  Because Curtiss failed to demonstrate her treatment would actually interfere with her gainful employment, we find no harmful error in the ALJ's RFC determination.  *See Molina*, 674 F.3d at 1115.

**AFFIRMED**.