NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 24 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WILLIAM WEBBER,

Plaintiff - Appellant,

v.

CAROLYN W. COLVIN,*
Acting Commissioner of Social Security,

Defendant - Appellee.

No. 23-3672

D.C. No.
4:21-cv-05101-LRS

MEMORANDUM**

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Argued and Submitted December 6, 2024
Seattle, Washington

Before: W. FLETCHER, BERZON, and R. NELSON, Circuit Judges.

Claimant William Webber filed two applications for disability benefits. In

response to the first application, Webber was found non-disabled through May 17,

---

\* Carolyn W. Colvin is substituted as Acting Commissioner of the
Social Security Administration pursuant to Fed. R. App. P. 43(c).

\*\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

2017.  In response to the second application, Webber was found non-disabled through December 31, 2017.  Webber appealed from the second decision.  The Appeals Council denied a request for review.  The district court affirmed the denial of benefits.  We affirm the district court.

We review the district court's decision in a social security disability benefits case de novo.  *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).  We "independently determine whether the Commissioner's decision (1) is free of legal error and (2) is supported by substantial evidence."  *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

The ALJ did not err in applying the *Chavez* presumption.  For a claimant to "overcome the presumption of continuing nondisability arising from the first administrative law judge's findings of nondisability," the claimant "must prove 'changed circumstances' indicating a greater disability."  *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988).  If the presumption is rebutted, the ALJ must adopt specific findings from the previous decision unless there is new and material evidence relating to such a finding or a change in law.  *See id.* at 693-94; *see also* AR 97-4(9).  Substantial evidence supports the ALJ's conclusion that the new evidence in the record does not support an award of benefits.

The ALJ provided "specific, clear, and convincing reasons" to reject Webber's subjective statements, pointing to several inconsistencies in the record

that contradicted his statements. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Smolen*, 80 F.3d at 1281).

The ALJ did not err in evaluating Webber's medical evidence.

The ALJ found Dr. Reuben Grothaus' diagnosis of ankylosing spondylitis unpersuasive because "the claimant does not have sufficient objective findings for this condition." Substantial evidence supports this determination. Webber's prior disability determination contained objective evidence supporting the conclusion that Webber did not have ankylosing spondylitis, and Webber did not offer objective medical evidence that would alter that conclusion.

The ALJ found Timothy Salvos' opinion unpersuasive because it relied on Dr. Grothaus' diagnosis of ankylosing spondylitis. Further, Salvos' opinion was based on evidence "well after the relevant period."

The ALJ did not err in not addressing the treatment notes of Si Feng. Feng's notes are not a medical opinion. *See* 20 C.F.R. § 404.1513(a)(1)-(3). Moreover, Feng's notes nowhere "indicate that [Webber] is incapable of working except under the recommended conditions." *Valentine*, 574 F.3d at 691.

The ALJ's assessment of Mark Johnson's examination is both internally consistent and supported by substantial evidence. Webber received surgery to help treat his neurogenic claudication symptoms after being examined by Johnson. The ALJ concluded that this surgery improved, or eliminated, Webber's allegedly

23-3672

severe neurogenic claudication.  Webber also reported to his provider that the surgery improved his symptoms, but he began to suffer more pain after a vehicle collision.

**AFFIRMED.**