NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 5 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RACHEL EULA DRAKE, | No. 18-35264 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-02234-JO |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Robert E. Jones, District Judge, Presiding

Submitted November 5, 2019[**]
Portland, Oregon

Before: PAEZ and RAWLINSON, Circuit Judges, and KOBAYASHI,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

Plaintiff-Appellant Rachel Eula Drake ("Drake") appeals from the district court's judgment affirming the Social Security Commissioner's ("the Commissioner") determination denying social security disability benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's summary judgment order de novo and the administrative law judge's ("ALJ") June 15, 2015 decision ("2015 Decision"), for legal error and for substantial evidence. See Luther v. Berryhill, 891 F.3d 872, 875 (9th Cir. 2018). We reverse and remand.

The ALJ was correct that the ultimate ruling in the October 6, 2011 decision by another ALJ that Drake was not disabled ("2011 Decision") is not entitled to res judicata effect because Drake established the existence of new severe impairments, which constituted "changed circumstances." See Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988) (citation omitted). However, the ALJ committed reversible error in failing to give res judicata effect to the residual functional capacity ("RFC") findings in the 2011 Decision. See id. at 693-94; Soc. Sec. Admin. Acquiescence Ruling ("AR") 97-4(9), 1997 WL 742758, at *3 (Dec. 3, 1997). Because there is no evidence that the limitations reflected in the 2011 Decision's RFC findings improved, they should have been considered in the formulation of the 2015 Decision's RFC finding. See Chavez, 844 F.2d at 694 ("The first administrative law judge's findings concerning the claimant's residual functional

2

capacity, education, and work experience are entitled to some res judicata consideration in subsequent proceedings." (citation omitted)); AR 97-4(9), 1997 WL 742758, at *3 ("If the claimant rebuts the presumption, adjudicators then must give effect to certain findings . . . contained in the final decision by an ALJ or the Appeals Council on the prior claim, when adjudicating the subsequent claim. For this purpose, this Ruling applies only to a finding of a claimant's residual functional capacity . . . .").

The ALJ found that, through her date last insured, Drake could perform the occupation of addresser clerk.[1] The record does not address whether Drake would still be able to perform the occupation of addresser clerk if the following limitations from the 2011 Decision's RFC finding were included within Drake's RFC: the requirement that Drake have the option to alternate freely between sitting and standing during periods when she would be expected to sit;[2] and the limitation

---

[1] The ALJ also found that Drake could perform the occupations of document preparer and telephone information clerk. However, the Commissioner concedes that the ALJ erred in relying on the document preparer and telephone information clerk occupations because each requires a reasoning level that is beyond Drake's RFC.

[2] The vocational expert ("VE") was presented with hypotheticals including the sit/stand option, but the hypotheticals also included the requirement that the person is limited to sitting for no more than four hours in an eight-hour work day. The limitation to sitting for more than four hours per work day is not part of the 2011 Decision's RFC finding. Thus, the VE's testimony does not address whether the requirement that Drake be given a sit/stand option would have precluded her from performing the occupation of addresser clerk.

3

to only occasional fingering and feeling with her non-dominant, left upper extremity. The other limitations in the 2011 Decision's RFC finding that were not incorporated into the ALJ's RFC finding are not at issue because they would not preclude the performance of the addresser clerk occupation. See Dictionary of Occupational Titles ("DOT") § 209.587-010, 1991 WL 671797. Because we cannot determine, based on the existing record, whether the ALJ would still have found Drake "not disabled" if the RFC findings in the 2011 Decision had been incorporated, we reverse the 2015 Decision and remand the case to the agency for further proceedings.

In addition, we hold that the ALJ committed reversible error when rejecting Drake's statements about the nature and severity of her migraine headaches and failing to incorporate the limitations caused by Drake's migraine headaches into the 2015 Decision's RFC findings. Because the record contains objective medical evidence regarding Drake's migraine headaches during the relevant period, which could reasonably produce the symptoms she described, and there was no evidence of malingering, the ALJ was required to "give specific, clear, and convincing reasons for rejecting the testimony by identifying which testimony the ALJ found not credible and explaining which evidence contradicted that testimony." See Laborin v. Berryhill, 867 F.3d 1151, 1155 (9th Cir. 2017) (brackets, emphases, citation, and internal quotation marks omitted). While the ALJ gave specific

4

reasons for rejecting Drake's statements about her migraine headaches, these reasons are neither convincing nor supported by substantial evidence in the record. See Marsh v. Colvin, 792 F.3d 1170, 1173 n.2 (9th Cir. 2015) (stating that the ALJ's reasons for rejecting a claimant's testimony about the severity of her symptoms "must be supported by substantial evidence from the administrative record" (citation omitted)). We therefore remand with instructions to incorporate the effects of Drake's migraine headaches into her RFC.

We remand to the district court to further remand the case to the agency for proceedings consistent with this disposition. Because we remand for incorporation of the RFC findings in the 2011 Decision and the effects of Drake's migraine headaches into Drake's RFC, we do not reach Drake's other arguments. See, e.g., Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990).

**REVERSED AND REMANDED.**

*Drake v. Saul,* **Case No. 18-35264**
**Rawlinson, Circuit Judge, dissenting in part:**

The majority predicates its conclusion primarily on the premise that the

Administrative Law Judge (ALJ) in the 2015 proceeding was required to give res

judicata effect to the 2011 residual function capacity (RFC) determination made by

a prior ALJ. I disagree. The majority acknowledges that res judicata does not

apply to the ultimate determination of non-disability made in the 2011 proceeding.

However, the majority inexplicably reaches the opposite conclusion for the 2011

RFC determination. But that conclusion is inconsistent with our precedent because

the claimant, Rachel Drake, submitted "new and material evidence to the second

judge," including new impairments. Under these circumstances, res judicata effect

is not given to a prior RFC determination. *Chavez v. Bowen*, 844 F.2d 691, 694

(9th Cir. 1988) (citation and internal quotation marks omitted). I disagree with the

majority's misapplication of our precedent.

I also disagree with the majority's conclusion that the ALJ's discounting of

Drake's testimony regarding the severity of her migraine headaches was not

supported by substantial evidence. Our review for substantial evidence is "highly

deferential." *Rounds v. Commissioner*, 807 F.3d 996, 1002 (9th Cir. 2015), *as

amended* (citation omitted).

1

An ALJ adequately discounts a claimant's symptom testimony if he gives clear and convincing reasons for the decision. *See Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006); *see also Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007); *Valentine v. Commissioner*, 574 F.3d 685, 693 (9th Cir. 2009).

The ALJ determined that Drake's "allegations of migraines occurring at least once a week are not supported by treatment records." The ALJ noted that Drake reported having a headache for one week after hitting her head while entering a car. One month later she reported a migraine headache lasting four days, which she attributed to Trazodone. "Anxiety medication helped" the migraine. The ALJ also relied on the fact that treatment records from Drake's primary care physician "reflect[ed] few complaints of migraines." Drake also reported her migraines as stable on medication. These observations are of the same nature as those we have described as clear and convincing. *See, e.g., Parra*, 481 F.3d at 750-51 (mentioning with approval the ALJ's reliance on medical reports to determine that the claimant's impairments were not as severe as described by the claimant). The majority's conclusory statement that the specific reasons "are neither convincing nor supported by substantial evidence in the record" is inconsistent with the administrative record and with our precedent requiring deference to the ALJ's determination.

I respectfully dissent.