**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PAMELA NOLLEN,

        Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

        Defendant-Appellee.

No.   22-35953

D.C. No. 3:22-cv-05229-MLP

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Submitted August 25, 2023[**]
Portland, Oregon

Before: BENNETT, VANDYKE, and H.A. THOMAS, Circuit Judges.

Pamela Nollen appeals the district court's order affirming the denial of

supplemental security income. "We review a district court's judgment upholding

the denial of social security benefits de novo" and "set aside a denial of benefits only

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

if it is not supported by substantial evidence or is based on legal error." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (citation omitted).

To establish a disability for purposes of the Social Security Act, a claimant must prove that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment … which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). "In order to determine whether a claimant meets this definition, the ALJ employs a five-step sequential evaluation." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

In this case, the ALJ determined at step five that Nollen is not disabled because she is capable of performing work in the national economy. In reaching this decision, the ALJ discounted Nollen's symptom testimony based on its inconsistency with the objective medical record and her daily activities. And the ALJ found that Nollen's exertional capacity remains the same as it was in 2018 when her first application for supplemental security income was denied. We affirm for the following reasons.

First, the ALJ provided specific, clear, and convincing reasons to discount Nollen's symptom testimony. Before the ALJ, Nollen claimed that she elevated her legs three times a day for twenty to thirty minutes each time to reduce swelling in

2

her legs. As the ALJ observed, Nollen's argument that she was *required* to elevate her legs in this manner was not supported by the record, including the objective medical evidence. *See Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007). Nollen's recent medical examinations showed no evidence of edema or deep vein thrombosis. Her treatment plan was conservative in nature and was effective. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008); 20 C.F.R. § 416.929(c)(3)(iv)–(v). Further, the record belies Nollen's claim on appeal that she had to elevate her legs three times throughout an eight-hour workday. Thus, substantial evidence supports the ALJ's decision to discount Nollen's symptom testimony.

Second, the ALJ gave adequate effect to the prior ALJ's residual functional capacity (RFC) determination. When a claimant has previously been found not disabled, a presumption of continuing non-disability exists. *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988). A claimant can overcome this presumption by proving a changed circumstance. *Id.* Even if the presumption is overcome, a prior ALJ's decision is entitled to some res judicata consideration absent new evidence. *Id.* at 694.

Here, the ALJ found that a change in the evidentiary rules overcomes the presumption, but no evidence supported a change in the RFC. Like the first ALJ, the second ALJ explained that Nollen has some abilities that fall within the sedentary work category and some that fall within the light work category. For example, both

ALJs explained that Nollen's lifting and/or carrying capacity is the ability of someone within the light work category. *See* 20 C.F.R. § 416.967(a) (explaining that "[s]edentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools"); 20 C.F.R. § 416.967(b) (explaining that light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds"). And they both explained that Nollen has the ability to stand and walk for about two hours in an eight-hour workday and sit for six hours in an eight-hour workday, which are limitations that qualify for sedentary work. SSR 83-10. Although the ALJs used starting labels that they then modified upward or downward to explain Nollen's ability, they both reached the same ultimate conclusions regarding Nollen's ability to lift and/or carry, sit, stand, and walk. The second ALJ's interpretation of the prior RFC as light work with downward modifications was reasonable and rational. *See Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022).

In sum, the ALJ applied the correct legal standards and the findings made by the ALJ are supported by substantial evidence. Accordingly, the ALJ's step-five determination that Nollen can perform jobs in the national economy is

**AFFIRMED.**