**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

APR 3 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| HEATHER BAUMAN, | No. 22-35881 |
| Plaintiff-Appellant, | D.C. No. 4:20-cv-05228-JAG |
| v. | |
| MARTIN J. O'MALLEY, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
James A. Goeke, Magistrate Judge, Presiding

Submitted March 29, 2024[**]
Seattle, Washington

Before: W. FLETCHER, PARKER,[***] and MILLER, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

Heather M. Bauman ("Bauman") appeals the district court's order affirming an administrative law judge's ("ALJ") denial of her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). On appeal, Bauman contends that the ALJ erred by (1) improperly invoking the presumption of continuing non-disability and adopting the prior ALJ's findings at step two, step three and step five; (2) improperly rejecting Bauman's subjective complaints; (3) improperly evaluating medical opinion evidence; and (4) failing to develop the record.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's decision to affirm the Social Security Administration's determination. *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002). We "will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)). We affirm the district court.

The parties are familiar with the facts in this case, and we recount them only as necessary to explain our decision.

1. Bauman was denied disability benefits by an ALJ on February 1, 2017. Bauman reapplied for DIB and SSI in January 2018. Pursuant to *Chavez v. Bowen*,

844 F.2d 691, 693 (9th Cir. 1988), and Acquiescence Ruling 97-4(9), a prior adjudication creates a presumption of continuing non-disability for the period under adjudication unless the claimant shows that there are "changed circumstances." The ALJ held that the *Chavez* presumption was "rebutted only in a threshold sense by addition of some new non-severe impairments and non-medically determinable impairments." However, the ALJ found that Bauman had not produced new and material evidence of worsened impairments. The ALJ therefore adopted many of the prior ALJ's findings in the subsequent five-step sequential evaluation pursuant to Acquiescence Ruling 97-4(9).

Substantial evidence supports the ALJ's conclusion that there were not material changes in Bauman's condition since the prior adjudication. Bauman cites updated medical evidence, but there is also evidence in record, discussed by the ALJ, indicating that her condition did not materially changed since the prior decision. "If the evidence 'is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.'" *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) ("The ALJ is responsible for resolving conflicts in medical testimony[.]"). We therefore conclude that substantial evidence supports the ALJ's conclusions that there were no material

3

changes in Bauman's condition relevant to its analysis at step two, step three and step five.

2. The ALJ provided "specific, clear, and convincing" reasons for rejecting Bauman's subjective testimony. *Lambert*, 980 F.3d at 1277 (quoting *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir. 2015)). After addressing Bauman's testimony in detail, the ALJ reasonably concluded that Bauman's subjective allegations were at odds with her clinical examinations and other objective evidence in the record.

3. Substantial evidence supports the ALJ's assessment of Nurse Practitioner Ashley Christensen's letter. As the ALJ noted, Christensen's brief statement lacked any supportive objective explanation, indicated only short-term constraints, and contradicted findings made by the State agency medical consultants.

4. An ALJ's obligation to develop the record "is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Ford*, 950 F.3d at 1156 (quoting *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001)). No such showing has been made. Furthermore, Bauman's attorney at the hearing never asked the ALJ to obtain medical expert testimony, even though a medical expert was on standby to testify if required.

**AFFIRMED.**